IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| POWERWEB ENERGY, INC. and POWERWEB, INC. | : : : | CIVIL ACTION |
| v. | : : : | No. 10-2652 |
| GE LIGHTING SYSTEMS, INC. and GENERAL ELECTRIC COMPANY | : : | |

## MEMORANDUM

**NORMA L. SHAPIRO, J.**                                                                    September 2, 2011

Before the court is a motion to remand by Powerweb Energy, Inc. and Powerweb, Inc. (collectively, "Powerweb").

### I.    BACKGROUND

Powerweb filed a petition to vacate an arbitration award in the Court of Common Pleas, Philadelphia County. GE Lighting Systems, Inc. ("GELS") and General Electric Company ("GEC") (collectively, "GE") timely filed a notice of removal of the action to the United States District Court for the Eastern District of Pennsylvania. The notice of removal stated that the court "has original federal jurisdiction over the State Court Action under the provisions of 28 U.S.C. § 1331 and § 1338,[1] and the action is one which may be removed in accordance with U.S.C. § 1441 *et seq.*, in that Powerweb seeks to vacate an arbitration award that granted a

---

[1] Patents, plant variety protection, copyrights, mask works, designs, trademarks, and unfair competition:
(a) The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.
(b) The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent, plant variety protection or trademark laws.
(c) Subsections (a) and (b) apply to exclusive rights in mask works under chapter 9 of title 17, and to exclusive rights in designs under chapter 13 of title 17, to the same extent as such subsections apply to copyrights.
28 U.S.C. § 1338.

permanent injunction for GE under the Trademark Act of 1946 ("Lanham Act"), as amended, 15 U.S.C. *et seq.*"  (Notice of Removal ¶ 3.)

Powerweb develops and patents technologies and operational techniques enabling commercial consumers to monitor and reduce the amount of electricity they consume, and, in turn, save money on their energy expenditures.  GELS is a wholly-owned subsidiary of GE organized within the GE Appliance & Lighting business unit.  GELS manufactures high intensity discharge and speciality fluorescent lighting systems, energy saving ballasts, and lighting control options.  GELS also buys, or "sources," products from other businesses.

In 2005, Powerweb presented one of its energy management technology platforms, named Light-WAV,[2] to GELS.  Powerweb promoted Light-WAV as a cutting edge technology because it was the first to incorporate both wireless lighting control and wireless energy monitoring in a comprehensive approach to managing energy systems.  The parties entered into a Non-Disclosure Agreement.  (Pet. to Vacate, Ex. 1.)  Later, the parties also executed a Sourced Products Purchase Contract ("Purchase Contract") (Pet. to Vacate, Ex. 2) and an Authorized Reseller's and Service Provider's Agreement ("Reseller's Agreement") (Pet. to Vacate, Ex. 3).  The Purchase Contract and Reseller's Agreement (collectively, the "Governing Agreements") allowed Powerweb and GE to collaborate in moving the product to market.  Both the Purchase Contract and the Reseller's Agreement contained identical arbitration provisions.[3]

---

[2] The Light-WAV technology was also referred to as the "GE Wireless Energy Management System" ("GEWEMS").  For the sake of clarity, the court will refer to the technology at issue as Light-WAV.

[3] The arbitration provision provides:
The parties shall attempt in good faith to resolve any Dispute promptly by negotiation.  If the matter has not been resolved within sixty (60) days after a party's request for negotiation, either party may initiate arbitration as provided herein.  Any Dispute which has not been resolved as provided above, shall, at the request of either party, be finally settled by arbitration under the Center for Public Resources Rules for Non-Administered Arbitration of Business Disputes in

Ultimately, for reasons that are in dispute, GELS determined that Light-WAV would not qualify for full marketing and sought to terminate the relationship. In accordance with the dispute resolution provisions contained in the Governing Agreements, Powerweb filed a notice of arbitration. As amended, the notice of arbitration contained nine causes of action: (1) breach of the contract against GELS; (2) breach of the implied covenant of good faith and fair dealing against GELS; (3) breach of best efforts in an exclusive dealings contract against GELS; (4) misrepresentation against GELS; (5) tortious interference with contract against GEC; (6) tortious interference with prospective economic advantage against GEC; (7) constructive trust against both GEC and GELS; (8) breach of the Non-Disclosure Agreement against both GEC and GELS; and (9) fraud against GEC. (Pet. to Vacate ¶ 20.) GE filed a notice of defense and counterclaim alleging trademark infringement under § 32(1) of the Lanham Act, as well as other federal and state trademark claims.

Prior to the arbitration hearing on the claims of Powerweb, the Arbitrator issued a permanent injunction under the Lanham Act barring Powerweb from using GE's trademarks. The arbitration hearing was then held on October 15 through October 24, 2009. The Arbitrator issued an Interim Award on February 1, 2010 (Pet. to Vacate, Ex. 14) and a Final Award on May 12, 2010 (Pet. to Vacate, Ex. 15). The Interim Award: (1) denied Powerweb's requests for relief

---

effect on the date of this Contract, by an independent and impartial arbitrator. The validity of this arbitration provision, the conduct of the arbitration, any challenge to or enforcement of any arbitral award or order, or any other question of arbitration law or procedure shall be governed exclusively by the Federal Arbitration Act, 9 U.S.C. sections 1-16; however, the award can be modified or vacated on grounds cited in the Federal Arbitration Act or if the arbitration panel's findings of facts are not supported by substantial evidence or the conclusions of law are erroneous under the laws of the State of New York. The place of arbitration shall be in Louisville, Kentucky. Notwithstanding the foregoing sentence, either party may apply to any court of competent jurisdiction, wherever situated, for enforcement of any judgment on an arbitral award.
(Purchase Contract ¶ 20(B); Reseller's Agreement ¶ 14(C)).

on its claim of misappropriation of confidential information; (2) denied Powerweb's requests for relief regarding GE's conduct under the Governing Agreements; (3) denied GE's requests for monetary relief under its Lanham Act counterclaim; and (4) required Powerweb to provide an accounting of Light-WAV sales during the period when the Governing Agreements were in force, and remit to GE its contracted share of net profits. (Interim Award 22, 41, 50, 53-54.) In denying GE's requests for relief under its Lanham Act infringement counterclaim, the Arbitrator reasoned that the permanent injunction remained in full force and effect, and provided sufficient relief. (*Id.* at 50.) The Final Award adopted all provisions of the Interim Award, including the provision that the permanent injunction remained in full force and effect, except the Arbitrator declined to require that Powerweb remit its contracted share of net profits from sales of Light-WAV because GE had not proven that Powerweb received any net profit during the period at issue. (Final Award 2-4.)

Relying on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10,[4] Powerweb requested that those portions of the Interim Award and Final Award adjudicating its claims be vacated for the following reasons:

(1) the Arbitrator exceeded the authority granted him under the parties' agreements when he unilaterally imposed a "use" requirement on Powerweb's claims;

---

[4] Same; vacation; grounds; rehearing: (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
    (1) where the award was procured by corruption, fraud, or undue means;
    (2) where there was evident partiality or corruption in the arbitrators, or either of them;
    (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
    (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
9 U.S.C. § 10.

  (2)  by failing to adjudicate all claims submitted, the Arbitrator so imperfectly executed his duties that a mutual, final, and definite award upon the subject matter submitted was not made;
  (3)  the Arbitrator refused to hear evidence pertinent and material to the controversy;
  (4)  the facts and relationships the Arbitrator and Respondents failed to disclose prior to and during the arbitration create a reasonable impression of partiality.

(Pet. to Vacate ¶ 65.) GE has interpreted the prayer for relief, and supporting documents, as a challenge to the propriety of the injunction under the Lanham Act; accordingly, GE believes the action directly involves a federal question within the court's original jurisdiction.

## II. MOTION TO REMAND

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. 28 U.S.C. § 1441. When a federal court finds a defect in the removal or at any time it determines there is no subject matter jurisdiction, a civil action may be remanded to state court. 28 U.S.C. § 1447(c); *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). The removal statutes are strictly construed against removal and all doubts should be resolved in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The party asserting jurisdiction has the burden of showing that the action is properly before the federal court. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

Here, subject matter jurisdiction is claimed on federal question jurisdiction under 28 U.S.C. § 1331, not diversity jurisdiction under 28 U.S.C. § 1332.[5] Federal question jurisdiction

---

[5] Powerweb Energy, Inc. and GELS are both corporations organized and existing under the laws of the state of Delaware. (Pet. to Vacate ¶ 5, 7).

is governed by the "well-pleaded complaint rule." *Virgin Islands Hous. Auth. v. Coastal Gen. Constr. Servs. Corp.*, 27 F.3d 911, 915 (3d Cir. 1994). 28 U.S.C. § 1331 authorizes courts to hear either originally or by removal "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The FAA does not create federal question jurisdiction; instead, an independent basis for federal jurisdiction must appear from the face of the complaint and the exhibits attached to it. *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1271-72 (2009) (citations omitted); *Virgin Islands Hous. Auth.*, 27 F.3d at 915; *see also U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002) (attachments to the complaint are considered part of it).

The Powerweb petition to vacate the arbitration award does not allege any claims arising under federal law; the petition identifies four arbitration deficiencies couched in the language of the FAA that purportedly necessitate *vacatur*. The petition alleges that the arbitrator: (1) failed to adjudicate all claims submitted in violation of 9 U.S.C. § 10(a)(4); (2) applied an incorrect legal standard to one of the state law claims and thus exceeded his powers in violation of 9 U.S.C. § 10(a)(4); (3) refused to hear pertinent and material evidence in violation of 9 U.S.C. §10(a)(3); and (4) failed to disclose material relationships in violation of 9 U.S.C. § 10(a)(2).

GE notes that the Interim and Final Awards, attached to Powerweb's petition as exhibits, discuss the Lanham Act and the appropriateness of permanent injunctive relief under the Act. Vacating the Final Award, GE contends, would necessarily implicate a question of federal law because the effect would be to set aside the permanent injunction. A petition to vacate an arbitration award under § 10 of the FAA "does not raise a federal question merely because the

underlying arbitration involves a federal question." *Fox v. Faust*, 239 Fed. Appx. 715, 717 n.2 (3d Cir. 2007); *see also Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) ("We conclude that: (1) the fact that the arbitration itself concerns issues of federal law does not, on its own, confer subject matter jurisdiction on a federal district court to review the award; but (2) federal jurisdiction may lie where the petitioner seeks to vacate the award primarily on the ground of manifest disregard of federal law."); *see generally Discover Bank*, 129 S. Ct. at 1271-72.

Federal jurisdiction also cannot rest on an actual or anticipated counterclaim. *Discover Bank*, 129 S. Ct. at 1272. The Powerweb petition seeks to vacate the Arbitrator's Final Award because of certain deficiencies in the Arbitrator's resolution of its nine claims for relief. Powerweb does not challenge the propriety of the permanent injunction under the Lanham Act. Although the underlying arbitration involves a federal question, this is insufficient to confer federal question jurisdiction because the federal question was raised by GE in its counterclaim, rather than by Powerweb as a ground for vacating the arbitration award.

GE raised a valid concern that Powerweb might attempt to avoid federal jurisdiction through artful pleading, but then attack the relief awarded under the Lanham Act without disturbing those portions of the award in Powerweb's favor. In the petition to vacate and the opening brief, Powerweb asked the court to vacate the Arbitrator's award in whole, to vacate "those sections . . . entered in favor of the Respondents," or to vacate "those sections of the Award entered against it." (Pet. to Vacate 1, 2, 18; Petr.'s Opening Brief 1, 2, 15, 24, 25, 32, 35, 36.) The petition also argued that a new hearing before another arbitrator or court should be part of the relief granted. (Pet. to Vacate 18; Petr.'s Opening Brief 36.) It is unclear whether the requested rehearing would address all claims and counterclaims, or just state law claims. It was

7

not unreasonable for GE to interpret these prayers for relief as a request for an order vacating the entire award, including the permanent injunction under the Lanham Act, or in the alternative, an order granting piecemeal *vacatur* of portions of the award in favor of GE, including the injunction, but retaining portions of the award in favor of Powerweb.

>The court probed these concerns and ambiguities at oral argument:
>
>THE COURT: . . . In other words, the concern is that you're using this to get around an ability to challenge a federal law. . . . But my concern is that I send this back to state court and then all you argue about is the Lanham Act and not the bias of the arbitrators or except maybe indirectly in the bias.
>    Now, if that happens, it's my view that, if it's within a year at least, the order remanding would be without prejudice to removing it –
>
>POWERWEB'S COUNSEL (hereinafter "Mr. Felice"): Yes, your Honor.
>
>THE COURT: – again and there would properly be jurisdiction here.
>
>MR. FELICE: Yes, your Honor.
>
>THE COURT:  I'm aware that to get federal jurisdiction it has to be in the complaint and not in the answer, and your argument of course is that the Lanham Act is raised in defense by your opponents. But the federal courts frown on gamesmanship, even in the name of advocacy.  So, are you able to answer that question?
>
>MR. FELICE: Yes, your Honor. If my clients were to assert a desire to vacate the Lanham Act relief, we would stipulate that it could be removed to federal court.
>
>THE COURT: Without objection?
>
>MR. FELICE: Without objection.
>
>. . . .
>
>MR. FELICE: Powerweb consented to the injunctive relief even before the arbitrator ruled on their claims and the arbitrator did not award any relief, zero monetary damages to respondents in response to the Lanham Act claim. So, as a practical matter, why would my client want to vacate that award?
>
>THE COURT: I'm trying to figure it out.

>MR. FELICE: The fact of the matter is we're not, your Honor, and that's why this court doesn't have federal question jurisdiction to accept this removal.
>
>. . . .
>
>MR. FELICE: We consented to the injunction below, the arbitrator didn't award any relief, any monetary relief, why would we be looking to vacate it? We haven't and it should not serve as a basis for a federal question of jurisdiction.

(N.T. 7/8/10 at 6-7, 14-15, 19.)

Informed by counsel's representations, the court concludes that Powerweb seeks to vacate only the Arbitrator's dismissal of the nine causes of action in the Powerweb amended notice of arbitration. No challenge to the propriety of the Lanham Act injunction has been raised.[6] Because this court does not have subject matter jurisdiction, remand is proper.

### III.   CONCLUSION

For the reasons stated above, the Powerweb motion to remand will be granted. Because removal was neither frivolous nor unreasonable in view of the GE concern about an attack on the Lanham Act injunction, the Powerweb motion for attorney's fees and costs will be denied. An appropriate order follows.

---

[6] The court acknowledges, as it did in oral argument (N.T. 7/8/10 at 23), that finding the arbitrator biased would likely require vacating the entire award. Though such a determination would ordinarily disturb the Lanham Act relief, inquiry into the prejudice of the arbitrator does not depend on a resolution of a substantial question of federal law. We have relied upon the statements of Powerweb's counsel at oral argument, that Powerweb does not challenge the Lanham Act permanent injunction (N.T. 7/8/10/ at 6-7, 14-15, 19); Powerweb may be judicially estopped from changing its position in state court and pursuing challenges to the injunction under the Lanham Act. If Powerweb nonetheless challenges the propriety of the Lanham Act injunction, GE may not be preluded from renewing its notice of removal under 28 U.S.C. § 1446.